### H. C. Snodgrass v. The State.

No. 1087.    Decided March 29, 1911.

**1.—Disturbing the Peace—Variance.**

Where the complaint and information charged the defendant with having used loud and vociferous, vulgar, obscene and indecent language, and the evidence showed that he swore and cursed, the variance was fatal.

**2.—Same—Evidence—Disturbance—Question of Fact.**

Upon trial of disturbing the peace and unlawfully using language in a manner calculated to disturb the inhabitants in a certain private house, it was reversible error to permit the prosecutrix to testify that the language disturbed her.    This was a question solely for the jury.

Appeal from the County Court of Tarrant.    Tried below before the Hon. R. E. Bratton.

Appeal from a conviction of unlawfully disturbing the peace; penalty, a fine of $5.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with disturbance of the peace in the following language; that he "did then and there unlawfully go into and near the private residence of Nancy Erwin and did then and there unlawfully and wilfully use loud and vociferous, vulgar, obscene and indecent language in a manner then and there reasonably calculated to disturb the inhabitants in the private house of the said Nancy Erwin."

The language imputed to appellant by the witness is as follows: "Then he said, By God, he had come down there to collect the money and he had to have it.    I told him I did not have the money, but

that if he would come back the next day I would have some money and make him a payment. He said, 'By God, I am not going to come back here any more; I want you to pay me now.' I told him to go outside of the house, and when I said this he drew back his fist and struck me and knocked me down." At that time a negro man, who boarded at the house of witness, caught appellant and kept him from striking any more. The negro man practically corroborates this witness. Appellant, by his testimony, denied using any such language or striking the woman.

1. The point is made that the evidence does not support the allegation in the complaint and information. The statute provides that "If any person shall go into or near any public place, or into or near any private house, and shall use loud and vociferous or obscene, vulgar or indecent language, or swear or curse, or yell or shriek, or expose his person, or rudely display any pistol or other deadly weapon, in a manner calculated to disturb the inhabitants of such public place or private house, he shall be fined in any sum not exceeding one hundred dollars."

The pleader may select any or all of the means of committing the disturbance he may deem proper to meet any evidence that may arise on the trial, but wherever the pleader selects and charges the means denounced by the statute, the evidence must correspond with and sustain the allegation, else there would be a variance. The complaint and information charge appellant with having used loud and vociferous, vulgar, obscene and indecent language. The evidence shows that he swore and cursed. This constitutes a variance.

2. One of appellant's bills of exception was reserved to the action of the court permitting the witness Erwin to testify that the language disturbed her. The bill places it in this condition:

"Q. Was the language used by the defendant calculated to disturb the inhabitants of your house?" Objection was urged to this, and was sustained by the court, whereupon the State, through its prosecuting officer, asked this question: "Did it disturb you?" Several objections were urged but overruled, and the witness was permitted to answer that the language did disturb her. This identical question was held error in Lumbkin v. State, 12 Texas Crim. App., 341. The Lumbkin case was cited approvingly in McCandless v. State, 21 Texas Crim. App., 411. In Keller v. State, 25 Texas Crim. App., 325, the court held that whether or not the conduct of an accused party was calculated to disturb the inhabitants of a street or private residence, was a question solely for the jury to determine. It is, therefore, not a matter to be determined by the witness. The witness can not decide the case by an opinion.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*